**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTIONS IN LIMINE** |
| vs. | ) | |
| | ) | |
| Rodney Goodwin, | ) | Case No. 1:11-cr-038 |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the Defendant's "Motion in Limine" filed on January 4, 2012. <u>See</u> Docket No. 22. On January 9, 2012, the Government responded to the motion. <u>See</u> Docket No. 23. On January 12, 2012, the Defendant filed a reply. <u>See</u> Docket no. 25. For the reasons set forth below, the Court grants the Defendant's motion in limine.

On March 31, 2011, defendant Rodney Goodwin was charged with the attempted transportation of a minor with the intent to engage in sexual activity. <u>See</u> Docket No. 1. In the motion in limine, Goodwin seeks to prevent the Government from introducing into evidence any nude, male photographs. Some of the photographs apparently depict Goodwin nude and others show another adult male nude. Goodwin allegedly posted, or attempted to post, the photographs on a social networking website known as mbuzzy.com ("Mbuzzy").

The record reveals, and it is undisputed, that the nude images were never viewed by the alleged victim in this matter. However, the Government contends that the images posted by Goodwin tend to show his sexual intent as it relates to his communications with the alleged victim on Mbuzzy. Goodwin contends the photographs lack relevance or, in the alternative, their probative value is substantially outweighed by the danger of unfair prejudice and should be excluded pursuant to Fed. R. Ev. 403.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Ev. 401. Relevant evidence is generally admissible. Fed. R. Ev. 402. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Ev. 403. The district court has broad discretion to exclude evidence under Fed. R. Ev. 403. United States v. Zierke, 618 F.3d 755, 759 (8th Cir. 2010) (quoting United States v. Jimenez, 487 F.3d 1140, 1145 (8th Cir. 2007)).

Goodwin is charged with the attempted transportation of a minor with the intent to engage in criminal sexual activity. The offense includes the following four essential elements:

> One, the defendant knowingly attempted to transport J.B. across a state line or national border;
>
> Two, the defendant attempted to transport J.B. with the intent to engage in sexual intercourse with J.B.;
>
> Three, J.B. was under the age of eighteen (18) years; and
>
> Four, engaging in sexual intercourse with a minor is a crime under the law of the State of North Dakota.

See Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2011 ed.), 6.18.2423A. To determine whether Goodwin is guilty of the charged offense, the jury must determine whether Goodwin acted with the intent to engage in sexual intercourse with J.B.

The nude photographs in question are arguably relevant to show Goodwin's general intention to use the social networking website Mbuzzy for a sexual purpose. However, the alleged victim in this matter never viewed the photographs. Further, the website Mbuzzy had blocked the distribution

of the photographs to others using the website.  <u>See</u> Docket No. 25-2.  Thus, the nude photographs have little, if any, relevance as to Goodwin's specific intent to engage in sexual intercourse with the alleged victim.  And even if relevant, the photographs present a substantial danger of unfair prejudice, confusion of issues, or misleading the jury.

In the exercise of its broad discretion, the Court finds  that the probative value of any nude photographs that Goodwin may have posted, or attempted to post, on Mbuzzy is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  Such photographs will be inadmissible at trial.  Goodwin's "Motion in Limine" (Docket No. 22) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2012.

_____
Daniel L. Hovland, District Judge
United States District Court